**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005 | )<br>)<br>)<br>) |
| *Plaintiff,* | )<br>) |
| v. | )  Case No. 19-1286 |
| U.S. DEPARTMENT OF STATE,<br>2201 C Street NW<br>Washington, DC 20520 | )<br>)<br>)<br>) |
| *and* | )<br>) |
| U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530 | )<br>)<br>)<br>) |
| *Defendants.* | )<br>) |

## COMPLAINT

1.      Plaintiff American Oversight bring this action against the U.S. Department of

State and the U.S. Department of Justice under the Freedom of Information Act, 5 U.S.C. § 552

(FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory

and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. §§ 1331, 2201, and 2202.

3.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C.

§ 1391(e).

4.      Because Defendants have failed to comply with the applicable time-limit

provisions of the FOIA, American Oversight is deemed to have exhausted its administrative

remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agencies from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5.      Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6.      Defendant U.S. Department of State (State) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). State has possession, custody, and control of the records that Plaintiff seeks.

7.      Defendant U.S. Department of Justice (DOJ) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DOJ has possession, custody, and control of the records that Plaintiff seeks.

## STATEMENT OF FACTS

8.      On March 5, 2019, American Oversight submitted FOIA requests to State and DOJ seeking records related to foreign leases, purchases, or other transfers of properties owned or operated by the Trump Organization, including the Trump World Tower in New York.

*State Analysis FOIA*

9.      On March 5, 2019, American Oversight submitted a FOIA request to State,

seeking:

> Any final legal analyses or final opinions conducted at any time after
> the November 2016 U.S. presidential election related to the Office
> of Foreign Missions' consideration, review, approval, or denial of
> any foreign government leases, purchases, changes in use, or sales
> of units at any properties owned or operated by the Trump
> Organization (including any affiliates, subsidiaries, or other related
> entities), including the impact, if any, of the foreign emoluments
> clause of the U.S. Constitution thereon.

10.     American Oversight indicated that it believed State was in the best position to

determine where records responsive to this request may exist, but requested that State search, at a

minimum, the Office of Foreign Missions, the Office of the Legal Adviser, and the Designated

Agency Ethics Officer for responsive records.

11.     American Oversight requested all responsive records from November 8, 2016,

through the date a search is conducted.

12.     American Oversight has received no communications from State concerning this

request.

*State Diplomatic Notes FOIA*

13.     On March 5, 2019, American Oversight submitted a FOIA request to State

seeking:

> 1.   All diplomatic notes, letters, or other correspondence from State's
>      Office of Foreign Missions to any foreign missions indicating
>      approval, disapproval, or any other disposition of a request for
>      foreign diplomats or missions to lease, purchase, rent, sell, or
>      otherwise make any change in use of any property at Trump Tower
>      (845 United Nations Plaza, New York, New York).
>
> 2.   All diplomatic notes, letters, or other correspondence from State's
>      Office of Foreign Missions to the Trump World Tower indicating
>      approval, disapproval, or any other disposition of a request for
>      foreign diplomats or missions to lease, purchase, rent, sell, or

otherwise make any change in use of any property at Trump Tower
(845 United Nations Plaza, New York, New York).

14.    American Oversight indicated that it believed State was in the best position to

determine where records responsive to this request may exist, but requested that State search, at a

minimum, the Office of Foreign Missions, the Office of the Legal Adviser, and the Designated

Agency Ethics Officer for responsive records.

15.    American Oversight requested all responsive records from January 20, 2017,

through the date a search is conducted.

16.    American Oversight has received no communications from State concerning this

request.

*DOJ Analysis FOIA*

17.    On March 5, 2019, American Oversight submitted a FOIA request to DOJ's

Office of Legal Counsel (OLC) seeking:

> Any advice prepared by OLC and provided outside OLC regarding
> any foreign lease, purchase, rental, sale, or other change in use of
> any properties owned or operated by the Trump Organization
> (including any affiliates, subsidiaries, or other related entities),
> including any opinion memoranda, letters, emails, or records
> memorializing legal advice, such as file memoranda or talking
> points.

18.    American Oversight requested all responsive records from November 8, 2016,

through the date a search is conducted.

19.    By letter dated April 9, 2019, OLC acknowledged the request and assigned it

tracking number FY19-107.

20.    American Oversight has received no further communications from OLC

concerning this request.

*Exhaustion of Administrative Remedies*

21.     As of the date of this complaint, Defendants have failed to (a) notify American Oversight of any determination regarding its FOIA requests, including the scope of any responsive records Defendants intend to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

22.     Through Defendants' failure to respond to Plaintiff's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Search for Responsive Records

23.     Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

24.     Plaintiff properly requested records within the possession, custody, and control of Defendants.

25.     Defendants are agencies subject to FOIA and must therefore make reasonable efforts to search for requested records.

26.     Defendants have failed to promptly review agency records for the purpose of locating those records that are responsive to Plaintiff's FOIA requests.

27.     Defendants' failure to conduct an adequate search for responsive records violates FOIA.

28.     Plaintiff is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to Plaintiff's FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

29. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

30. Plaintiff properly requested records within the possession, custody, and control of Defendants.

31. Defendants are agencies subject to FOIA and must therefore release in response to FOIA requests any non-exempt records and provide a lawful reason for withholding any materials.

32. Defendants are wrongfully withholding non-exempt agency records requested by Plaintiff by failing to produce non-exempt records responsive to its FOIA requests.

33. Defendants are wrongfully withholding non-exempt agency records requested by Plaintiff by failing to segregate exempt information in otherwise non-exempt records responsive to its FOIA requests.

34. Defendants' failure to provide all non-exempt responsive records violates FOIA.

35. Plaintiff is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants to conduct a search or searches reasonably calculated to uncover all records responsive to Plaintiff's FOIA requests;

(2) Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Plaintiff's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests;

(4) Award Plaintiff the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant Plaintiff such other relief as the Court deems just and proper.


Dated: May 3, 2019

Respectfully submitted,

*/s/ Sara Kaiser Creighton*
Sara Kaiser Creighton
D.C. Bar No. 1002367

*/s/ Katherine M. Anthony*
Katherine M. Anthony
MA Bar No. 685150*
*Pro hac vice* motion to be submitted

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 897-3918
sara.creighton@americanoversight.org
katherine.anthony@americanoversight.org

*Member of the MA bar only; practicing in the District of Columbia under the supervision of members of the D.C. Bar while application for D.C. Bar membership is pending.

*Counsel for Plaintiff*